IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-2633-PAB-KLM

MARSHA R. BREWER,

Plaintiff,

v.

SCHOOL BOARD OF MIAMI-YODER SCHOOL DISTRICT JT-60,
RICHARD WALTER, in his individual capacity, and
JIM DAY, in his individual capacity,

Defendants.

---

## ~~PROPOSED~~ PROTECTIVE ORDER

---

THIS MATTER, having come before the Court upon the Unopposed Motion for

Protective Order, ~~and upon a finding of good cause in support of the entry of a Protective Order~~

~~to protect the discovery and dissemination of confidential information in this case,~~

**IT IS ORDERED:**

1.      As used in this Protective Order, "document" is defined as provided in F.R.C.P.

34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2.      Information designated as "CONFIDENTIAL" shall be information that

implicates common law and statutory privacy interests of current or former Miami-Yoder School

District ("MYSD" or the "District") students pursuant to 20 U.S.C. § 1232(g), and of personnel,

and former personnel, including the Plaintiff. CONFIDENTIAL information shall not be

disclosed or used for any purpose except the preparation and trial of this case.

3.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a.    attorneys actively working on this case;

b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.    the parties, including Plaintiff and Defendants;

d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.    the Court and its employees ("Court Personnel");

f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.    deponents, witnesses, or potential witnesses who are or have been employees of MYSD, or who are students or former students referenced in such records or the parents/guardians or former guardians of students or former students who are referenced in such records; and

h.    other persons by written agreement of the parties.

4.    Prior to disclosing this information, the District may notify the parents of minor students or students who have reached the age of majority, that it intends to disclose the information described above, the reasons for the disclosure, and the Protective Order as entered by the Court. Should any of the parents of minor students, or students who have

reached the age of majority object to disclosure, the MYSD shall notify them of their right to seek relief from the Court.

5.    Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. (*See* **Exhibit A**). All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." No public records shall be designated as "CONFIDENTIAL" by any party.

7.    No person authorized to receive or review any of the documents to which this Protective Order applies, including any parties and persons who have signed an acknowledgement and consent to be bound to this Protective Order, shall disclose any protected documents, or the information contained therein, to any person other than those identified above, and then only in accordance with the terms of the Protected Order.

8.    Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.    A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to ~~make~~ *pursuant to MJ Mix's discovery procedures* ~~file~~ an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely ~~filed~~ *made*, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to ~~file~~ *make* such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion ~~filed~~ *made* under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

KLM

11.    The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegal, clerical, and secretarial employees are precluded from producing or providing copies of any documents or materials subject to this Protective Order to any print, electronic, or news media representatives, employees, or agents and are prohibited from disclosing any information contained in such documents to those individuals.

12.    In the event that the parties to this litigation, their counsel, or any parties who have consented to be bound by the terms of this Protective Order in any way violate the terms or conditions of this Protective Order, said individual shall consent to the jurisdiction of the District Court for purposes of any contempt proceeding or an action concerning litigant's right to injunctive or compensatory relief as a result of such violations.

13.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 4ᵗʰ day of _October_ , 2012.

BY THE COURT:

_____
District Court Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## EXHIBIT A

I, _____, have read the Protective Order in *Brewer v. Miami-Yoder School District et al.,* Civil Action No. 11-cv-2633-PAB-KLM.  I understand the terms of the Protective Order and agree to be bound by its provisions.

_____

S:\Miami Yoder School District\Brewer, Marsha\Pleadings\Proposed Protective Order (FINAL) 092112.doc